CHARLES A. CORLISS, APPELLEE, v. PLANO MANUFACTURING COMPANY, APPELLANT.

FILED DECEMBER 18, 1907.  No. 14,848.

Exemptions: PLEADING.  Under section 531f of the code, in an action by a wage-earner against a person assuming to be his creditor, who has by garnishment proceedings in a foreign jurisdiction obtained wages earned within 60 days previous to the garnishment, it is necessary to allege that the wage-earner was a resident of the state of Nebraska and entitled to the wages exempt at the time of the garnishment.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE.  Reversed.

George W. Cooper and Mapes & Hazen, for appellant.

E. D. Kilbourn, contra.

GOOD, C.

A full understanding of the points decided requires us to set out the plaintiff's petition in full: "Now comes the plaintiff, and for his cause of action against the defendant alleges: (1) That the defendant is a corporation duly organized and existing under and by virtue of the laws of the state of Illinois, and doing business in Nebraska. (2) That the plaintiff is a resident of Antelope county, Nebraska, and the head of a family, and an employee of the Northwestern Railway Company, a corporation engaged in interstate commerce. (3) That the defendant herein,

claiming to have some demand against the plaintiff, did on or about the 20th day of April, 1903, commence an action in the state of Iowa against the plaintiff and on the said pretended demand, and did, on or about the date of commencing the said suit, garnish and attach the wages due the plaintiff from the said railway company, for the purpose of evading the attachment and garnishment laws of Nebraska, and contrary to and in violation of chapter 25 of the laws of 1889 of Nebraska. (4) That the wages garnished and attached as aforesaid were exempt to plaintiff, and earned within 60 days prior to the commencement of said suit and garnishment. (5) That the amount of money garnished as aforesaid is the sum of $61.50; that the plaintiff's actual expenses and damages incurred on account of the said proceedings against him amount to the sum of $10, and an attorney's fee of $100, which is a reasonable attorney's fee in this case. (6) Plaintiff is not now, and never was, indebted to defendant in any sum whatever, and said suit was commenced for the purpose of extorting money from this plaintiff. (7) Plaintiff therefore prays judgment against the defendant for said several sums of money, amounting in all to the sum of $171.50, with interest on the sum of $61.50 from the date of said garnishment, and with costs of this suit." The statute under which this action is brought is in the following words: "That it be, and is hereby declared, unlawful for any creditor of, or other holder of any evidence of debt, book account, or claim of any name or nature against any laborer, servant, clerk, or other employee of any corporation, firm, or individual, in this state, for the purpose below stated, to sell, assign, transfer, or by any means dispose of any such claim, book account, bill, or debt of any name or nature whatever, to any person or persons, firm, corporation, or institution, or to institute in this state or elsewhere, or prosecute any suit or action for any such claim or debt against any such laborer, servant, clerk, or employee by any process seeking to seize, attach, or garnish the wages of such person or persons

earned within sixty days prior to the commencement of such proceeding, for the purpose of avoiding the effect of the laws of the state of Nebraska concerning exemptions." Code, sec. 531c. Prior to any evidence being introduced the defendant entered a demurrer *ore tenus* to the plaintiff's petition, alleging, as a ground, that it failed to state a cause of action. The demurrer was overruled, and, on a trial to the court, judgment was given for the plaintiff for the sum of $72.50 damages and $100 attorneys' fees and costs of suit. Defendant's motion for a new trial was overruled, and it has brought the record to this court on appeal.

A careful consideration of the statute discloses that it was the purpose of the legislature in enacting the statute to protect laborers, servants, clerks and employees in this state from having their earnings seized by creditors, or those assuming to be creditors, if earned within 60 days. The persons to be protected are the servants, clerks and employees *in this state*. The wages to be protected are the earnings for the past 60 days. An examination of the petition does not disclose that the plaintiff was a resident of the state at the time that his wages were seized under the garnishment proceedings. If he was not a resident of this state at the time, he was not entitled to his wages exempt under the laws of this state. For aught that appears in the petition, he may have been a nonresident of the state at the time of the garnishment proceedings and when the wages were seized, and may have been entirely without any right of exemption under the statutes of Nebraska. Under these circumstances, he has not shown by his petition that he was within the protection of the statute. The petition, not showing that the plaintiff was a resident of the state at the time the wages were garnished, is fatally defective. It therefore follows that the judgment of the district court is wrong and should be reversed.

For the reasons given, we recommend that the judgment of the district court be reversed and the cause remanded

for a new trial, with leave to the plaintiff to amend his petition if he so desires.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial, with leave to the plaintiff to amend his petition, if he so desires.

REVERSED.